LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
*brandon@bblocklaw.com*
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
VICTOR BERNACHE

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BERNACHE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALL COUNTY RECOVERY LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-5053<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>3. **CONVERSION;**<br>4. **BATTERY; AND**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Victor Bernache alleges against defendants All County Recovery, LLC and Does 1 through 25 as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.  Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District.

## PARTIES

3.  Plaintiff Victor Bernache is a natural person residing in Los Angeles County, California.

4.  Defendant All County Recovery is a California corporation with its principal place of business in Bakersfield, California.

5.  Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

6.  At all times mentioned herein, Defendants were the agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to Plaintiff.

## OPERATIVE FACTS

7.  In March 2016, plaintiff purchased a motor vehicle for personal, family or household purposes at a lien sale conducted by Hollywood Tow Service, Inc. Plaintiff is informed and believes, and based thereon alleges, that, prior to the lien sale, Catanos Auto Sales sold the vehicle to an individual for personal, family or household purposes, pursuant to an installment sale contract. Plaintiff is informed and believes, and based thereon alleges, that even though the lien sale wiped out any lien in favor of Catanos, it hired or retained defendant All County Recovery, a repossession agency, to repossess the vehicle at plaintiff's home.

8. On or about April 15, 2016, plaintiff returned home at night and saw two male agents and/or employees of All County Recovery by his vehicle. Plaintiff asked the men what they were doing by his car. The men responded that they were there to repossess plaintiff's vehicle. Plaintiff told the men that he was the owner of the vehicle and they were not allowed to take it. Plaintiff's objection to the repossession was unequivocal, and his vehicle was not connected to defendants' tow truck at the time of the objection.

9. Plaintiff asked the men to leave and stood by the front of his vehicle. All County Recovery's agents/employees told plaintiff to move or they would call the police. Plaintiff told the men to call the police, at which time the men pushed plaintiff away from his car, and one of the men punched plaintiff in the head with his fist, causing plaintiff to fall down. All County Recovery's agents/employees then completed the repossession of plaintiff's vehicle. Among other injuries, plaintiff suffered severe bruising to his head and an injury to his leg as a result of the unlawful conduct by All County Recovery's agents/employees.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq.*
### (By Plaintiff Against All Defendants)

10. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

11. Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress thus enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,

3
COMPLAINT

and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

12. Plaintiff is "consumer" within the meaning of 15 U.S.C. § 1692a(3). Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

13. 15 U.S.C. § 1692f(6)(A) provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest[.]

14. California Commercial Code § 9609 provides that a nonjudicial repossession cannot be completed in breach of the peace. Thus, there is "no present right" to possession of property claimed as collateral through an enforceable security interest if there is a breach of the peace.

15. Defendants completed the repossession of plaintiff's vehicle in breach of the peace for two independent reasons. First, plaintiff had stated an objection to the repossession before it was completed. Second, defendants used physical force to gain possession of the vehicle. By completing the nonjudicial repossession in breach

of the peace, defendants violated § 1692f(6)(A) by taking "any nonjudicial action" to effect dispossession or disablement of property claimed as collateral through an enforceable security interest (plaintiff's vehicle) when there was "no present right" to possession of the property.

16. As a proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

17. Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

18. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. Plaintiff is entitled to an award of his reasonable attorney's fees and costs in the filing and prosecution of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code §§ 1788, *et seq.*
**(By Plaintiff Against All Defendants)**

20. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

21. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal FDCPA to ensure the integrity of California's banking and credit industry. Id., § 1788.1(b).

22. Plaintiff is a "debtor" within the meaning of California Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" within the meaning of Civil Code § 1788.2(f) – *i.e.*, money,

5
COMPLAINT

property or their equivalent which was alleged to be due and owing by reason of a consumer credit transaction. Defendants are "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another natural person.

23. Defendants violated the provisions of Civil Code § 1788.10(a) by using, or threatening to use, physical force or violence or any criminal means to cause harm to the person, or the reputation, or the property of any person.

24. Civil Code § 1788.17 provides that debt collectors subject to the Rosenthal FDCPA collecting or attempting to collect a consumer debt must comply with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the FDCPA. Section 1788.17 further provides that debt collectors subject to the Rosenthal FDCPA are subject to the remedies in § 1692k of the FDCPA. By violating the provisions of 15 U.S.C. § 1692f(6)(A), Defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17.

25. As a proximate result of defendants' violations of the Rosenthal FDCPA, Plaintiff has been damaged in amounts that are subject to proof.

26. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

27. Defendants' violations of the Rosenthal FDCPA were willful and knowing. Plaintiff is entitled to recover the maximum amount of statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

28. Plaintiff is entitled to an award of his attorney's fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative,

Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### CONVERSION

### (By Plaintiff Against All Defendants)

29. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

30. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants. Defendants wrongfully deprived plaintiff of possession of his vehicle by repossessing it without any present right to do so. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

31. Defendants acted with oppression, fraud or malice, within the meaning of Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF

### BATTERY

### (By Plaintiff Against All Defendants)

32. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

33. Defendants touched plaintiff or caused plaintiff to be touched with the intent to harm or offend him. Plaintiff did not consent to the touching. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

34. Defendants acted with oppression, fraud or malice, within the meaning of Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(By Plaintiff Against All Defendants)**

35. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

36. Defendants engaged in the extreme, outrageous and unreasonable acts enumerated above. These acts went beyond the bounds of decency expected in a civilized society. Defendants intended to cause plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress. As a direct and proximate result of defendants' outrageous conduct, plaintiff has suffered extreme and severe mental distress, mental suffering, and/or mental anguish, including one or more of the following: anxiety, fear, fright, panic, humiliation, embarrassment, nervousness, grief, worry, indignity, irritability, depression, anger, panic, nervousness, crying fits, loss of appetite, sensitive stomach, loss of sleep, nightmares, loss of concentration and headaches. As a direct and proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

37. Defendants acted with oppression, fraud or malice, within the meaning of Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are

personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of his attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: July 11, 2016

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/
_____
Brandon A. Block

Attorneys for Plaintiff
VICTOR BERNACHE